UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 19-080-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARCOS GONZALEZ GARFIAS, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Marcos Gonzalez Garfias pleaded guilty to conspiring to distribute cocaine, fentanyl and acetylfentanyl and conspiring to commit money laundering. He was sentenced to 92 months' imprisonment on November 1, 2019. Garfias recently filed a *pro se* motion for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines, which provides for a decrease of two levels from the offense level for defendants without any criminal history points, whose offense did not involve specific aggravating factors. (U.S.S.G. Amend. 821, eff. Nov. 1, 2023).

Title 18 of the United States Code, section 3582(c)(2), provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant Garfias was assigned a Total Offense Level of 28 during his sentencing hearing. Combined with his criminal history category of I, this produced an advisory sentencing range

of 78 to 97 months' imprisonment. If Garfias' total offense level is reduced by two under Amendment 821, his resulting guidelines range of imprisonment would be 63 to 78 months. The United States has filed a brief in opposition to Garfias' motion, which concedes that Garfias is eligible for a sentence reduction, but argues that his original term of imprisonment remains the appropriate sentence in this case.

The Court first considers whether Garfias is actually eligible for a sentence reduction under Amendment 821. Among the prerequisites for relief under the zero-offender amendment is that the defendant did not possess a firearm or other dangerous weapon in connection with the offense. U.S.S.G. § 4C1.1(a)(7). Garfias received a two-point increase to his offense level under U.S.S.G. § 2D1.1(b)(1) based on the presence of a firearm at a co-defendant's stash house where Garfias was staying. However, he also received relief under the safety valve provision of U.S.S.G. § 5C1.2(a) which requires that the defendant did not possess a firearm or other dangerous weapon in connection with the offense.

As discussed during Garfias' sentencing hearing, these calculations were based on the Court's finding that Garfias' co-conspirator's possession of a firearm was reasonably foreseeable to him, supporting application of the two-level enhancement under § 2D1.1(b)(1). However, Garfias still was entitled to application of the safety valve exception to the mandatory minimum sentence because he did not personally possess a firearm in connection with the offense. *See United States v. Barron*, 940 F.3d 903, 914 (6th Cir. 2019). As the Sixth Circuit noted in *Barron*, there is a distinction between the passive language noting that "a firearm was possessed" and the active language requiring that a defendant possess a firearm in connection with the offense. *Id.* Because Garfias was not found to have possessed a firearm

in connection with his offenses of conviction, he is not barred from relief by U.S.S.G. § 4C1.1(a)(7).

Garfias notes in his motion for relief that he was transferred to a federal prison in Mexico in September 2021 pursuant to the Prisoner Transfer Treaty between the United States and Mexico. *See* Treaty on the Execution of Penal Sentences, Mexico-U.S. (Nov. 25, 1976).[1] The treaty provides a mechanism for nationals of the United Mexican States who were sentenced in the United States of America to serve their sentences under the supervision of Mexican authorities. Article VI of the Treaty provides:

> The Transferring State shall have exclusive jurisdiction over any proceedings, regardless of their form, intended to challenge, modify or set aside sentences handed down by its courts. The Receiving State shall, upon being advised by the Transferring State of action affecting the sentence, take the appropriate action in accordance with such advice.

Accordingly, this Court has exclusive jurisdiction over the defendant's motion for a sentence reduction.

Having again considered the relevant factors under 18 U.S.C. § 3553(a), the undersigned concludes that a sentence reduction is not appropriate. The United States argued in favor of a sentence at the top of the guidelines range during sentencing. However, the Court determined that a sentence of 92 months correctly reflected the factors outlined in § 3553(a) without being overly punitive. But any further reduction of Garfias' sentence would unduly diminish the seriousness of his offenses, which include a serious drug trafficking conspiracy involving nearly 10 kilograms of cocaine, more than three kilograms of fentanyl, and 831.4

---

[1] National Criminal Justice Reference Service, *Prisoner Transfer Treaty Between the United States of America and Mexico*, https://www.ojp.gov/pdffiles1/Digitization/76816NCJRS.pdf (last accessed Feb. 5, 2024).

grams of acetylfentanyl. As the United States highlights in its response, fentanyl is particularly dangerous. As little as two milligrams of the substance is considered a potentially lethal dose.[2] The investigation into Garfias' crimes revealed that he had recently traveled from Mexico and then to various places within the United States to carry out his drug trafficking and money laundering activities.

If not for application of the safety valve under U.S.S.G. § 5C1.2(a), the defendant would have been sentenced to a statutory mandatory minimum term of 120 months' imprisonment. To reduce Garfias' sentence below 92 months would give undue weight to his lack of criminal history, particularly when the severity of the offenses is considered. The previously imposed sentence also is minimally sufficient to serve the purposes of specific and general deterrence. It sends an appropriate message to the defendant and others who may be inclined travel from Mexico to the United States and engage in drug trafficking activity. Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines [Record No. 151] is **DENIED**.

Dated: February 6, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[2] United States Drug Enforcement Administration, *Facts About Fentanyl*, https://www.dea.gov/resources/facts-about-fentanyl (last accessed Feb. 5, 2024).